Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 162309, United States v. Alan Ketchen. Thank you. Thanks. Thanks. Go ahead. To the Honorable Court, good morning. My name is Donald Bourget. Could you just move the mic a little closer to you? There you go. Yes. Is that okay? Can you hear that all right? Yeah. Okay. This is on appeal for Mr. Ketchen due to a series of errors that occurred in the U.S. District Court in Bangor, in which I was counsel, and it involves errors with regard to a Rule 11 that occurred, and it also involved a hybrid indictment, which charged a offense of conspiracy. And the crux of where the error is, is because this case involves the Controlled Substance Analog Enforcement Act, and it was occurring at the same time as the case of McFadden v. United States. And so there are so many errors with regard to the people. Were you aware of the pendency of the McFadden case? The McFadden case, at the time of the plea, the plea was on May 7, 2014. The McFadden case with the Fourth Circuit came out on May 21, 2014. So the type, and that's the lower court. And so the final decision on McFadden didn't come out until June 18, 2015, after we were arguing and sentencing. But you were aware, you could have been aware of the issue. The issue was blinds to myself, and to the court, and to the prosecution. And that is... But there wasn't, it's not as if there was First Circuit precedent precluding you from raising the issue, right? No, that's true. No, there wasn't. But what the courtroom was relying on was the Eighth Circuit, Fourth Circuit, Eleventh Circuit, and Sixth Circuit decisions, specifically that the courts have routinely upheld application of the Analog Act to analog chemicals as they appear to the substance. But at the time of the Rule 11 colloquy, you did not find any problem with the colloquy as it was done that day. No, that is true. And the judge in handling the colloquy did speak about knowledge. To me as well, and to the whole courtroom. And so when I said there were errors, there was errors by the prosecutors, there are errors from the judge. But your Honor, the reason I am here is because there is a vast error to myself. And that error, though, can be explained through the McFadden process if one reviews after the fact what McFadden says. And what it is is that the person has to know that the substance he was dealing with was treated like a controlled substance. And in this case, the indictment did identify it, but the problem is that at the time of the analog portion, my client did not know. But can I ask you, the conviction is under 846. Right. And is there one conviction? There are two convictions. Under 846 there is one conviction. And the indictment as to 846 lists two different types of acts that he conspired to do. That is right. One of which creates no problem under McFadden. The second part dealing with the controlled substances statute is a schedule one drug. So with respect to the conviction under 846, how can McFadden, what is the significance of McFadden? How can I be here and intellectually argue this? And it is clear that the error is with the government in this case in always going forward and charging these conspiracies because they're so... A controlled substance. Right. Not an analog controlled substance, but a controlled substance. There is no problem with the conviction, correct? I think that is correct. Okay, so how does it then get to be a problem if in addition your defendant led guilty to war? To war. Because you didn't need the war to secure the conviction. But I am here with confidence in the outcome, which is required under the Dominguez Benitez case, that this conspiracy could be tried by myself in front of a jury with the additional factors included because they're trying to prove knowledge. They're trying to prove a conspiracy that occurred before October 2011 through to December 2011. And just because there's possession at a certain time does not lend itself to conspiracy. He pled guilty, your client pled guilty to an 846 violation. For one reason. For part of, and when he pled guilty to, it is an 846 conviction. It's just he also pled war. Who cares about the war? He's not got two convictions, he's got one. I get that latitude and a zebra looks like a zebra, but your honor, it would be a gross, it would be a disgrace to that person who did not have knowledge at the time of the analog portion and who was counseled to plead guilty because this whole conspiracy is outcome determinative when in fact it's not. I don't understand why it would be a gross distortion. He has admitted his guilt to the controlled substance portion, the post-October portion. He hasn't denied that even in his motion to withdraw his guilty plea. So the only thing that you're challenging is the fact that he wasn't properly advised and the indictment didn't properly charge as to the analog act portion, the pre-October portion. Right. Right? But he's guilty of a crime and the pre-October portion, if it's not a crime, is still going to be available in sentencing to the government under the relevant conduct rubric. When you split it the way that Judge Barron split it, the conspiracy, you're splitting up a conspiracy, not a possession, and that's an error in your logic. It's a mistake to do that. I mean, the whole conspiracy, they're the ones that decided how to bring this charge forward. What's your authority for that proposition? Sepulveda is the case I would like you to look at with regard to that, that the elements have to be criminal in order to have the conspiracy. And if you read my client's declaration of guilt, it'll say possession, and before he didn't know what the drug was, and that gets us right into it. Well, you say he didn't know what the drug was, but if I'm looking at the record, it seems to me that at some point he recognized before the split that what he was doing was handling an illegal drug. He was himself personally addicted to it. He knew its addictive qualities. He knew all this before that split day. Oh, that's a distinction in fact that I looked at differently than perhaps you did, John. I looked at it when I read his statement as being that after the controlled substance time period, or at least there's an argument to be made, a strong argument to be made before a fact finder, that it wasn't before the controlled substance act. And so therefore, where is your conspiracy and how do we present it? It's not just an intellectual question, it's a real proof issue. The indictment says that part of the conspiracy involved him engaging in what he knew to be the controlled substance act after October. Yes, your honor, I get that. Is the idea that because they charge a larger conspiracy, you can't then have him convicted of a smaller one? Is that a variance type argument by analogy? I don't mean to make it that way. That's pretty adept on your part. But the way I was looking at it, your honor, was that the facts as they go forward have a group of conspirators. And if you just have the analog act being that all you have to do is identify it, then that conspiracy is done. And you're not giving Mr. Ketcham the full view of the law. But the government didn't charge it as two conspiracies. They charged it as one conspiracy. This is no different than if the government charged a conspiracy and said, you conspired to distribute heroin and powdered sugar. And the defendant comes in and says, well, that can't be a proper charge because powdered sugar is perfectly legal. But the fact remains that you pled guilty to the heroin. Your lawyer knew at the time what U.S. v. McFadden said, and he could have been misdirected by the whole court and lost. Let me just ask you if I understand. The problem here, if I understand the argument, so I can formulate a question for the government, is because this is a plea, and it's a plea to a conspiracy that the government identified as the conspiracy, the government can only take a plea to that conspiracy. And the government charged it as the whole thing. So in the powdered sugar example, if you get charged with a conspiracy to sell powdered sugar and cocaine, you can't find him guilty of that conspiracy, even if he acknowledges he conspired to sell cocaine, because the conspiracy they charge is larger than that, and it turns out it's not a lawful thing to make a conspiracy. That's the idea? That is the beginning of the idea, yes. But they also, when you add in the fact that the courtroom is using a misapplication of law, along with its counsel, that that calls that plea into question. And counsel jumped on it. Thank you. Good morning, Your Honors. Could you just start with that point, since it's on my mind, and then I know you want to say what you want to say, but just on this, if the government charges you with a conspiracy to sell cocaine in Texas and Maine, and it turns out there's no factual basis for anything happening in Texas, but tons of evidence that it happened in Maine, is that a valid plea to the conspiracy? Yes, I would argue that it is. Why would you think that? The law is quite clear that the government can charge in the conjunctive, prove in the disjunctive, and here this is akin to. . . Yeah, but you want to do something slightly different, if I'm understanding. When you say charge in the conjunctive and prove in the disjunctive, that means you can charge many different offenses and prove only some. Correct. You want to prove part of an offense. No. That's what I think the defense counsel is saying. That seems like it has some force. That may be what counsel is saying, but I don't think that that's the law. What's your authority that it isn't the law? Well, I admit that this particular argument was not clear to me from the defendant's brief, so I don't have a specific case citation, but I believe that it's quite common for the government to charge different means within a conspiracy. There are different means and different acts that are all part of the conspiracy that may violate different laws, all directed towards the same conspiracy. And so you can prove less, you can prove a smaller time frame than has been charged, you can prove a portion of the conspiratorial activity and have that sustain a conspiracy conviction. And here the government charged one conspiracy, an 846 conspiracy, to distribute a controlled substance. That substance was controlled by the Analog Act prior to October 11th and by the Controlled Substances Act after October 11th. And if the government only proved the Controlled Substances Act portion, that's still a valid plea. It still supports the charge that was set forth in the indictment. And again, I think that it's akin to charging a polysubstance offense where there's a conspiracy to distribute heroin and cocaine. The defendant can come in and plead simply to distributing heroin. There's simply no legal impediment to a plea to the heroin and not the cocaine. Isn't it when there's cases saying that? Yes. In a single conspiracy case? Yes. And if the court would permit me, I can file a 28-2 with the court. That would be helpful. Yes. I would submit that Your Honors were on point in the initial questioning. I think this case can easily be resolved simply by finding that there's no claim with respect to the Controlled Substances Act portion of the plea, and that renders any conceivable error, and the government does not concede that there was any error, but it renders any conceivable error with respect to the Analog Act violation harmless because there is a perfectly valid plea under the Controlled Substances Act. Just on that score, it's sentencing, and maybe the defendant doesn't make this argument, and if not, fine, but just so I understand how the government thinks about it. There's something just to me that was a little jarring in the briefing in the following sense. The first half of the brief says, this is only a conviction for the controlled substance if analog has nothing to do with it. The second half says, now here's where you can sentence him for the analog stuff, which we just said he didn't plead guilty to. Right. So could you help me understand that? I mean, one thing here is I understand that the district court thought he did and could plead guilty to both the controlled substance and the analog portions. Yes, I think that was the district court. So it made all sense in the world for the district court to then proceed to sentence him as if he had pled guilty to the analog. So it doesn't make a relevant conduct or preponderance, it just thinks he's actually pled guilty to that. Correct. You've now, I think properly, abandoned that theory. So all there is is a plea on your understanding, the only valid plea is to the controlled substance portion, yet we've got a sentence for somebody on the understanding that he is guilty of the analog conduct, which on your own account he's not. So how do you square that? Let me push back slightly because I don't concede that the plea to the analog act violation was invalid. I think that that plea was supported by Rule 11 colloquy. I don't think it was undermined by McFadden. If you're wrong on that. But if I'm wrong on that point, then as the district court found, the preceding conduct, the analog act conduct, is clearly relevant conduct under the sentencing guidelines to the controlled substances act violation that occurred between October 11th and December. But the district court is basing that on the understanding that he pled to that conduct knowingly, right? No, I think if you look at the district court's order denying the motion to withdraw the guilty plea, the district court clearly says even if I accepted your claim of innocence with respect to the analog act, I still would find this relevant conduct. Great. Thanks. And I think really this is a question of whether the district court abused its discretion in denying the motion to withdraw. I think that's properly how this case is framed. And I think that if you consider the factors that a district court is instructed to consider when a motion to withdraw is filed, there is no abuse of discretion here. There's no culpable claim of legal innocence with respect to the controlled substances act. I think the Rule 11 colloquy adequately sets forth the knowledge requirement that McFadden clarified the following year. He repeatedly says, you know, you knowingly conspire to distribute MDPV, a controlled substance. And that seems, at least a fair reading of it, isn't that he knew that when he was selling that even before the split date that it was a controlled substance? I think so. I think if you look at the record, it's implausible to believe that his knowledge that MDPV was controlled transformed on October 11th. This conduct was ongoing since May. The information in the PSR indicates two different witnesses who indicated they began purchasing large quantities of bath salts from the defendant in June or July. Doesn't he state at one point that there was a period of time in which he thought bath salts was okay to be deli in, but then he came to believe that was not true? That's correct. Just how would that have? I understand there's the point that it doesn't matter because he collected the controlled substance. Assuming that doesn't get you all the way home. What do we do with the fact that during a portion of the pre-October conduct, the record has him saying, I didn't know it was illegal. But then for a portion of the pre-October conduct, the record seems to have him saying, I did know it was illegal. I think what the court does with that is recognize that that became the moment at which he joined an illegal conspiracy to distribute MDPV. But what do we do with the indictment having charged the conspiracy starting earlier than that moment? Does this replicate the same point? It's fairly common for a criminal conspiracy to be charged over a length of time and an individual defendant to be responsible only for a portion of that time period. There were other individuals such as Ryan Ellis who were involved for a longer period of time than Mr. Ketchum. This is the argument that if you get on the train, even if a little late, you're still responsible. You're still responsible. Right, and he's not being held responsible for quantities that predate his personal involvement and responsibility. But the fact that the indictment charges a broader window of time doesn't undermine his responsibility for the portion that he participated in. Does that include the portion pre-October where he's on the record saying, I didn't realize it was illegal then? I think the record, so his personal statement is not crystal clear on at what point in time he made this realization. It's at least clear it's not from the moment the indictment first identifies him as being involved in the conspiracy. His statement is that initially he believed the substance to be legal and, quote, at some point in time I realized that it was, if I could continue, that it was an illegal substance. And I think what the district court did properly is look to the collective record evidence to determine, was that moment in time before the listing of MDPV as a controlled substance? And based on the information in the PSR, based on his personal information set forth in his statement, the district court correctly concluded that it did predate the listing. Thank you. Thank you.